UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

JOLYNE NERISSA JOHNSON,

                                **Plaintiff,**                          20-CV-08191 (SN)

    -against-                                                       **ORDER**

COMMISSIONER OF SOCIAL SECURITY,

                                **Defendant.**

-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

       On September 10, 2021, the Court remanded this matter to the Commissioner of Social Security for further administrative proceedings. ECF No. 26. On November 19, 2021, Plaintiff filed a motion for an extension of time to file a notice of appeal. ECF No. 28. Plaintiff's motion is GRANTED. The Notice of Appeal filed on November 19, 2021, is accepted by the Court.

       Additionally, a call is scheduled for Tuesday, November 23, 2021, at 11 A.M. At that time the parties should dial into the Court's dedicated teleconferencing line at (877) 402-9757 and enter Access Code 7938632, followed by the pound (#) key. If this date is unavailable for any party, they must contact Courtroom Deputy Rachel Slusher immediately at (212) 805-0286.

## ANALYSIS

       Under Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure, a notice of appeal in a civil case must be filed within thirty days after entry of judgment or order appealed from. However, if one of the parties is a United States agency or a United States officer or employee sued in an official capacity, either party may file a notice of appeal within 60 days. Fed. R. App. P. 4(a)(1)(B). A district court may grant a limited extension of time to file a notice of appeal if:

(i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires, and (ii) that party shows excusable neglect or good cause. Fed. R. App. P. 4(a)(5).

Rule 4(a)(5)'s "'good cause' standard . . . applies in situations in which there is *no fault –* excusable or otherwise, such as when the Postal Service fails to deliver a notice to appeal." *Alexander v. Saul*, 5 F.4th 139, 147 (2d Cir. 2021), *petition for cert. filed*, No. 21-6180 (Nov. 4, 2021) (internal quotation marks and citations omitted, italics in original). "Because the 'good cause' standard applies only in situations in which there is no fault, it requires a greater showing than excusable neglect." *Id.* (internal quotation marks and citations omitted). "Courts have accordingly declined to apply the 'good cause' standard in cases in which the movant's failure to prosecute a timely appeal was at least partially attributable to the movant's own inadvertence." *Id.* (footnote omitted).

In contrast, Rule 4(a)(5)' s "excusable neglect standard applies in situations in which there is fault; in such situations, the need for an extension is usually occasioned by something within the control of the movant." *Id.* (internal quotation marks, citation omitted). For this standard, courts consider the following four factors: "[1] the danger of prejudice to the [non-movant], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." *Id.* at 148 (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'shp.*, 507 U.S. 380, 395 (1993)) (internal quotation marks omitted, alteration in original).

The order remanding the matter to the Commissioner of Social Security for further administrative proceedings was filed on September 10, 2021, and so Plaintiff had until November 9, 2021, to file her notice of appeal. ECF No. 26. Although the motion for an

extension of time to file and the notice of appeal are both dated November 5, 2021, they were not filed on the docket until November 19, 2021, ten days after the expiration of the 60-day period.

However, Plaintiff has satisfied both conditions required by Rule 4(a)(5) to grant an extension of time to file. First, Plaintiff's motion was filed within 30 days of the time prescribed by Rule 4(a)(1).

Second, Plaintiff has established excusable neglect. She asserts that she did not receive the Court's order because she had been expecting electronic notification of the Court order and that she has been unable to access her mail. ECF No. 28. It appears that the Order, which was mailed to Plaintiff on September 10, 2021, was returned, confirming her claim that she was unable to access her mail. ECF No. 27. While this explanation does not satisfy the greater showing required for good cause, as Plaintiff is partly responsible for her failure to update her mailing address, the delay in filing was slight, and is unlikely to cause prejudice to the Commissioner or to impact future judicial proceedings. Given that Plaintiff is *pro se*, her confusion regarding the method of notice is excusable. Furthermore, Plaintiff asserts that the "domino effect" caused by the loss of her Social Security benefits contributed to her delay. These facts suggest that Plaintiff acted in good faith.

**SO ORDERED.**

SARAH NETBURN
United States Magistrate Judge

DATED:   New York, New York
         November 22, 2021